IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _Cg_ D.C.

05 JUL -7  AM IO: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

ALLISON DEVANTE and
JOREAL DEVANTE,

       Plaintiffs,

v.                         No. 04-2700 B

LES BROWNLEE, in his official
capacity as Secretary of the
Department of the Army,

       Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

      This lawsuit was initiated by the Plaintiffs, Allison and Joreal Devante, alleging that Mrs. Devante, an enlisted soldier in the United States Army, was forced into discharge from the military after she complained of being sexually assaulted by a superior officer, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and Tennessee common law. According to the complaint, Mr. Devante was arrested after he complained to Army command officers concerning the assaults on his wife. He seeks damages for the loss of consortium, love and affection of his wife.

      Before the Court is the motion of the Defendant, Les Brownlee, in his official capacity as Secretary of the Department of the Army, to dismiss this matter pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as well as failure to exhaust administrative remedies. The motion is ready for disposition even though the Plaintiffs have failed to respond thereto, as the time for such response has expired. See LR7.2(a)(2), Local Rules of the United States District Court for the Western District of Tennessee. The Defendant contends that dismissal is appropriate on four grounds: (1)

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 7-7-05



lack of subject matter jurisdiction based on the fact that Plaintiff Allison Devante was a uniformed member of the United States Army at the time the relevant incidents occurred; (2) lack of subject matter jurisdiction as a result of the Plaintiff's failure to exhaust her administrative remedies; (3) improper venue in this district because the relevant acts occurred at Fort Drum, New York; and (4) insufficiency of service of process.

As it is dispositive, the Court will address only the first jurisdictional argument. Subsection (1) of Fed. R. Civ. P. 12(b) permits dismissal of a complaint for "lack of jurisdiction over the subject matter." In the complaint, the Plaintiffs allege that Mrs. Devante was at the time the incidents occurred "enlisted in the United States Army" and an "active duty soldier in the United States Army." (Compl. at ¶ 5.) Further, it was alleged that "during [her] tour of duty Plaintiff was stationed and posted at Fort Drum with the 10th Mountain Division of the United States Army, and was given the special detail of entertaining the troops as a singer and entertainer." (Compl. at ¶ 7.)

In Coffman v. State of Michigan, 120 F.3d 57 (6th Cir. 1997), the Sixth Circuit recognized that the Supreme Court has held that soldiers may not bring a suit for damages in civilian court alleging discrimination by their superiors. Coffman, 120 F.3d at 59 (citing Chappell v. Wallace, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)); see also Fisher v. Peters, 249 F.3d 433, 438 (6th Cir. 2001). "The special status of the military has required, the Constitution has contemplated, Congress has created, and this court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." Coffman, 120 F.3d at 59 (citing Chappell, 462 U.S. at 303-04, 103 S.Ct. at 2367). "Congress has plenary authority over the military, and has exercised that authority to establish statutes regulating military life and to provide for a comprehensive internal system of justice. That system provides for the review and remedy of

2

complaints and grievances of uniformed members of the armed forces." Id. (citing Chappell, 462

U.S. at 301-03, 103 S.Ct. at 2366-67).

> Consistent with the reasoning in Chappell, courts of appeals have consistently
> refused to extend statutory remedies available to civilians to uniformed members of
> the armed forces absent a clear direction from Congress to do so. Thus, uniformed
> members of the armed forces have no remedy under Title VII of the Civil Rights Act
> of 1964.

Id. Moreover, while Title VII prohibits the military from engaging in acts of employment

discrimination, "[t]he Equal Employment Opportunity Commission and the circuits that have

considered this statute have interpreted it to apply only to suits by civilian employees of the military

departments, and not members of the armed forces." Fisher, 249 F.3d at 438. As noted herein, Mrs.

Devante has consistently averred in this action that she was a uniformed member of the armed forces,

not a civilian, when the alleged discrimination occurred. Thus, her lawsuit based on Title VII cannot

stand.

Although 42 U.S.C. § 1983 is referred to in the complaint, the basis for the claim is

somewhat unclear, primarily because the statute requires a constitutional violation engaged in by a

state actor,[1] neither of which have been alleged here. In any case, the claim must fail, as the doctrine

of intra-military immunity articulated by the Supreme Court in Feres v. United States, 340 U.S. 135,

71 S.Ct. 153, 95 L.Ed.2d 152 (1950) bars members of the military from challenging military

decisions under § 1983. See Overton v. New York State Div. of Military and Naval Affairs, 373

---

[1]Section 1983 imposes liability on any "person who, under color of any statute, ordinance,
regulation, custom or usage, of any State" subjects another to "the deprivation of any rights,
privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to
prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a
right secured by the Constitution and (2) that the deprivation was caused by a person acting under
color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

F.3d 83, 88 & n.7 (2d Cir. 2004).

Having disposed of the Plaintiffs' claims under federal law, the Court now turns to their state claims. The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is governed by 28 U.S.C. § 1367, which expressly permits the Court to decline the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Absent any remaining federal claims against the Defendant, the Court, in its sound discretion, hereby dismisses without prejudice the Plaintiffs' claims against the Defendant under state law. See Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

Based on the foregoing, the Defendant's motion to dismiss is GRANTED and this matter is DISMISSED in its entirety.

IT IS SO ORDERED this 6 day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in
case 2:04-CV-02700 was distributed by fax, mail, or direct printing on
July 7, 2005 to the parties listed.

---

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT